| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

CLOVIS PRINCE, §
　　　　　　　　　　　　　　　　§
　　　　　Appellant, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 4:11-CV-438
　　　　　　　　　　　　　　　　§
CMS WIRELESS LLC, §
　　　　　　　　　　　　　　　　§
　　　　　Appellee. §

**MEMORANDUM AND ORDER**

Pending before the court is an appeal from the United States Bankruptcy Court for the Eastern District of Texas granting Appellee CMS Wireless LLC's ("CMS") Motions for Relief from Automatic Stay to Initiate State or Federal Litigation Against Debtor Crown Project Management, Inc. ("Crown") and C. Prince & Associates Consulting, Inc. ("Prince Consulting"). *See* No. 09-43627 (Bankr. E.D. Tex. June 9, 2011), ECF Nos. 219, 220. Having reviewed the orders, the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's decisions should be affirmed.

I.　Background

Clovis Prince ("Prince") wholly owns Crown and Prince Consulting.[1] In November 2009, Prince, Crown, and Prince Consulting each filed a petition for relief under Chapter 7 of the Bankruptcy Code. On April 23, 2010, the bankruptcy court entered an order granting the joint administration of Prince, as an individual, Prince Consulting, and Crown's case. Prior to filing

---

[1] Prince, a *pro se* litigant, was convicted of bank fraud, bankruptcy fraud, money laundering, and perjury on December 9, 2010. Prince was sentenced to thirty years as to count one and ten years as to count two through fifteen of the indictment to run concurrently in case number 4:09-CR-161, and five years as to counts one through twenty-three of the indictment to run concurrently in case number 4:10-CR-47. Further, the court ordered restitution in the amount of $13,640,425.56.

for bankruptcy, Prince Consulting entered into a master construction agreement with AT&T Mobility LLC ("AT&T") to act as a contractor for the design, acquisition, construction, and/or modification of AT&T's cellular telephone sites. Crown also entered into an agreement ("the Agreement") with CMS to perform work as a subcontractor in connection with the AT&T master construction agreement. AT&T advanced funds to Prince Consulting for the work, but a substantial amount failed to reach CMS. CMS filed claims in the joint bankruptcy case, as well as mechanic's and materialmen's liens against AT&T's property interests.[2]

On March 4, 2011, and May 18, 2011, CMS filed motions to lift the automatic stay to initiate state court proceedings against Crown and Prince Consulting, respectively. *See* ECF Nos. 168, 207. CMS sought to pursue litigation against AT&T for unpaid invoices relating to the work done under the Agreement. In its motions, CMS argued that to bring suit against AT&T in Arkansas state court, it was required to join Crown and Prince Consulting as co-defendants pursuant to Arkansas Code Annotated § 18-44-123.[3] Although CMS sought relief to add Crown and Prince Consulting as necessary parties to assert its claims against AT&T, it maintained that it would not enforce any judgment rendered other than through the bankruptcy court.

---

[2] The aforementioned facts were taken from *In re Prince*, No. 09-43627, 2011 WL 861114 (Bankr. E.D. Tex. Mar. 9, 2011). The relationship between CMS, Crown, and Prince Consulting is not clear from the record before the court. In its brief in response, CMS defines Crown as Crown d/b/a Prince & Associates, but does not specifically address Prince Consulting's role in the above set of facts. As explained *infra*, however, Prince fails to carry his burden of showing that the bankruptcy court abused its discretion in lifting the stay as to Prince Consulting or Crown. Thus, determining the distinct roles of the parties is not necessary for the foregoing analysis.

[3] Although insignificant to the outcome of this appeal, the court is of the opinion that the applicable statute requiring Crown to be joined as a necessary party is not § 18-44-123, as CMS cites, but § 18-44-124. *See Johnson v. S. Elec., Inc.*, 779 S.W.2d 190, 192 (Ark. Ct. App. 1989) ("Our supreme court has consistently held that Ark. Code Ann. § 18-44-124 (1987) means that in suits to foreclose materialmen's liens the contractor is a necessary party . . . .").

In hearings on May 10, 2011, and June 7, 2011, the bankruptcy court overruled Prince's and AT&T's objections to the motions on the record and granted the motions to lift the automatic stay. On June 9, 2011, the bankruptcy court issued two orders confirming the holding announced in the May and June hearings. The court held, *inter alia*, that: (1) the automatic stay was terminated as to CMS, and CMS could join Crown and Prince Consulting as necessary parties and co-defendants in state or federal litigation against AT&T, and (2) CMS could not seek to enforce or collect on any judgment except through order of the bankruptcy court. ECF Nos. 219, 220. The reasons supporting its holding were not provided in either order.

In his brief to this court, Prince argues that the bankruptcy court abused its discretion in lifting the stay because: (1) the plain language of the agreement between Crown and CMS prohibits CMS from filing suit against Crown; (2) Prince Consulting does not have a contractual relationship with CMS; (3) AT&T does not have a contractual relationship with Crown; (4) the trustee, Michelle Chow, failed to represent the estate adequately in this matter; (5) there is no basis for relief against Crown because CMS has been paid in full for its work; and (6) Arkansas is not the proper jurisdiction/venue for the litigation between CMS and Crown. CMS contends that the appeal should be dismissed because Prince failed to file the transcripts of the evidentiary hearings in which the bankruptcy court ruled on the motions to lift the automatic stay and, thus, the record on appeal is incomplete. Further, CMS argues that relief from the automatic stay was warranted because CMS could not pursue its claims against AT&T without joining Crown to the state court proceeding. Finally, CMS maintains that Prince failed to assert any error by the bankruptcy court in his brief by arguing issues pertaining only to the state court proceeding.

II. Analysis

A. Jurisdiction and Standard of Review

District courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" and, with leave of the court, "other interlocutory orders and decrees" of bankruptcy judges. 28 U.S.C. § 158(a). Orders lifting the automatic stay in bankruptcy proceedings are considered final and appealable orders. *In re Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997). Pursuant to 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court to the district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." Therefore, "when reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as a[n] appellate court." *In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992); *accord In re Perry*, 345 F.3d 303, 308-09 (5th Cir. 2003). The district court's review of the case is limited in scope to the available record. *See Boze v. Branstetter*, 912 F.2d 801, 803 n.1 (5th Cir. 1990). A bankruptcy court's order lifting the automatic stay is reviewed for abuse of discretion. *See In re Mirant Corp.*, 440 F.3d 238, 245 (5th Cir. 2006)*; In re Chunn*, 106 F.3d at 1242; *In re Reitnauer*, 152 F.3d 341, 344 (5th Cir. 1998).

B. Incomplete Record on Appeal

Prince attempts to challenge the bankruptcy court's factual and legal findings supporting the lifting of the automatic stay. Prince designated the following for the record on appeal: (1) all pleadings and exhibits filed with the bankruptcy court relating to the hearings and CMS's motions to lift the automatic stay; (2) the docket sheet in the bankruptcy case; (3) the transcripts of the evidentiary hearings; (4) the notice of appeal; and (5) the judgment, order and decree, and any

4

rehearing/set aside decision.  Prince, however, failed to provide the transcripts of the evidentiary hearings to the district court, as required by Federal Rule of Bankruptcy Procedure 8006.  FED. R. BANKR. P. 8006.  At the evidentiary hearings, the court considered CMS's motions, objections filed by Prince, AT&T, and the Trustee's Joinder to AT&T's objections, the evidence, and the arguments presented, ultimately overruling the objections on the record.

On November 15, 2011, this court ordered Prince to file the designated transcripts in order to permit review of the issues urged by Prince.  The order warned Prince that failure to file the transcripts could result in dismissal.  Subsequently, Prince filed a Motion to Proceed on the Pleadings Before the Court (#12), wherein he states that he cannot provide the transcripts and requests that the court proceed without them.  Prince argues that the transcripts are unnecessary because the plain language of the master service agreement prohibits suit against Crown and Prince Consulting for various reasons and, thus, lifting the stay to bring suit was improper.  He also filed an amended designation of the record, in which he removed the transcripts from the list.

"If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."  FED. R. APP. P. 10(b)(2).  A failure to provide a transcript may result in a dismissal of the appeal.  *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1289 (5th Cir. 1965); *see Boze*, 912 F.2d at 8012 n.1 ("Dismissing 'the appeal for failure to provide a complete transcript of the record on appeal is within the discretion of the court.'") (quoting *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989)).  Further, Prince has the burden to show that the bankruptcy court abused its discretion in lifting the stay.  By failing to provide the transcripts from the evidentiary hearings in which the bankruptcy court ruled on the

5

motions,[4] he has not met this burden. *See In re Hough*, No. Civ. A. 3:03-CV-2329-R, 2004 WL 1119701, at *3 (N.D. Tex. May 19, 2004), *aff'd*, 128 F. App'x 369, 371-72 (5th Cir. 2005) (affirming bankruptcy court's decision when appellant failed to provide transcript and, thus, did not carry his burden of showing that the bankruptcy court's factual findings were clearly erroneous). The court, however, declines to dismiss Prince's appeal on this ground alone and will address the merits of his appeal.

C. Cause to Lift the Automatic Stay

Even without the benefit of the transcript, the court finds that the bankruptcy court did not abuse its discretion in lifting the stay. Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay of several categories of judicial and administrative proceedings that affect the property in the debtor's bankruptcy estate. 11 U.S.C. § 362(a)(1); *Bd. of Governors of the Fed. Reserve Sys. v. Mcorp Fin., Inc.*, 502 U.S. 32, 39 (1991); *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008). The stay is designed to prevent a scramble among creditors to seize as much property as possible from the debtor's limited estate by providing "breathing room" for the debtor and the bankruptcy court to institute an organized repayment plan. *In re Chesnut*, 422 F.3d 298, 301 (5th Cir. 2005); *In re Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004). The purposes of the stay "'are to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse.'" *Reliant Energy Servs., Inc. v. Enron Can.*

---

[4] The docket entries for the evidentiary hearings held on the motions to lift stay note that the motions were granted for reasons stated in the record.

*Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985)).

Nevertheless, a party can obtain relief from the stay for cause. 11 U.S.C. § 362(d)(1). Section 362(d)(1) states, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause . . . ." *Id.* "For cause" is not defined in the bankruptcy code but rather is determined on a case-by-case basis. *In re Reitnauer*, 152 F.3d at 343 n.4. "[C]ourts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." *In re Cont'l Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). "'Cause' may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors." *In re Chirillo*, 84 B.R. 120, 123 (Bankr. N.D. Ill. 1988); *accord In re Priestley*, 93 B.R. 253, 261 (Bankr. D. N.M. 1988). Further, when a "pending action is neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy." *Matter of Holtkamp*, 669 F.2d 505, 509 (7th Cir. 1982). Finally, "[b]ankruptcy courts are given broad discretion to fashion relief from the automatic stay . . . ." *In re Barnes*, 279 F. App'x 318, 319 (5th Cir. 2008).

The critical issue before the bankruptcy court was whether "cause" existed to warrant CMS's relief from the stay to join Crown and Prince Consulting as necessary parties and co-defendants in state court litigation. Prince, however, fails to identify any error committed by the bankruptcy court in ruling that cause existed. Rather than showing that lifting the stay in this instance would interfere with the bankruptcy proceeding or unjustly harm him or his companies, the thrust of Prince's appeal argues the merits of possible claims asserted by CMS, which should

7

be raised in the underlying state-court litigation. For example, Prince briefs whether, under the Agreement, suit is proper against Crown or jurisdiction is appropriate in Arkansas, *etc*. These issues have no bearing on whether cause existed to lift the stay.

Irrespective of Prince's failure to raise error by the bankruptcy court, the court finds that there was sufficient cause to lift the stay. First, CMS could not pursue its claims against AT&T without joining Crown and Prince Consulting under Arkansas law. *See* ARK. CODE ANN. § 18-44-124; *Rasmussen v. Reed*, 505 S.W.2d 222, 223 (Ark. 1974) (interpreting § 18-44-124 as requiring that the contractor be joined as a necessary party to an action to enforce a lien). Further, CMS was not seeking to, and stipulated that it would not, collect a judgment from Prince or his companies. Finally, in its order, the bankruptcy court prohibited CMS from collecting any judgment that might be rendered against Crown and Prince Consulting. Not only would CMS suffer harm by being unable to join Crown and Prince Consulting to its suit against AT&T, but the bankruptcy court's prohibition on collecting any judgment outside the bankruptcy court also ensures that lifting the stay for this purpose will not interfere with the bankruptcy proceeding or the bankruptcy estate. Thus, the court finds that the bankruptcy court did not abuse its discretion in lifting the stay. *See Holtkamp*, 669 F.2d at 508-09 (affirming bankruptcy court's order to lift stay for appellee to pursue personal injury suit when insurance company assumed full financial responsibility for defending the litigation); *In re Paone*, 401 B.R. 151, 153 (Bankr. M.D. Pa. 2009) (lifting stay when the participation of the debtor, who was a joint tortfeasor, in state court litigation was necessary under state law to determine the amount of damages a creditor was obligated to pay the state court plaintiff).

III. Conclusion

The court finds that Prince has failed to carry his burden of showing that the bankruptcy court abused its discretion in granting CMS's motions to lift the automatic stay. In the alternative, the bankruptcy court did not abuse its discretion in finding cause existed to lift the automatic stay. Accordingly, the orders of the United States Bankruptcy Court for the Eastern District of Texas granting CMS's Motions for Relief from Automatic Stay to Initiate State or Federal Litigation Against Debtor Crown Project Management, Inc. and C. Prince & Associates Consulting, Inc. are AFFIRMED.

SIGNED at Sherman, Texas, this 22nd day of March, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE